RECEIPT #_____
AMOUNT $ _130___
SUMMONS ISSUED___8___
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE____4-5-04_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAXWELL SHOE COMPANY, INC.,

    Plaintiff,

v.

EDELMAN SHOE COMPANY, LLC and
SAM EDELMAN,

    Defendants.

Civil Action No. _____

# 04-10694 RCL

MAGISTRATE JUDGE _____

## COMPLAINT AND JURY DEMAND

Maxwell Shoe Company, Inc. ("Maxwell") brings this civil action against Edelman Shoe Company, LLC ("ESC") and Sam Edelman ("Edelman").

### THE PARTIES

1.    Plaintiff Maxwell, is a Delaware corporation with its principal place of business at 101 Sprague St., Readville, Massachusetts 02137.

2.    On information and belief, ESC is a Delaware Limited Liability Company with its principal place of business at 11 Old Stage Coach Road, Ridgefield, Connecticut 06877.

3.    On information and belief, Edelman is an individual residing at 11 Old Stage Coach Road, Ridgefield, Connecticut 06877. Edelman is the President of ESC.

### JURISDICTION AND VENUE

4.    This is an action for trademark infringement, false designation of origin arising, and dilution under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and for unfair trade practices, unfair competition, breach of contract, and trademark dilution under state law.

This Court has jurisdiction pursuant to 15 U.S.C. § 1125 and 28 U.S.C. §§ 1331, 1338, 1367.

5.      This Court has personal jurisdiction over defendants. The infringing product is currently advertised and can be purchased on an interactive retail website that can be reached from Massachusetts. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### PLAINTIFF AND ITS RIGHTS IN THE MARK SAM & LIBBY®

6.      Maxwell, founded in 1949, designs, develops and markets casual and dress footwear for women and children. The brands marketed by Maxwell include famous lines such as JOAN & DAVID®, J G HOOK®, and DOCKERS®.

7.      Maxwell acquired the trademark SAM & LIBBY® ("the Mark") in 1996 from Sam & Libby, Inc., a company then owned by Sam Edelman, his wife Libby Edelman, and a third individual. Prior to this purchase, Edelman used the Mark in commerce since 1988 for clothing, footwear and retail stores. From 1988 to 1996 Edelman's use of the mark was continuous and substantial.

8.      The aforementioned sale of the Mark was completed on July 2, 1996, pursuant to a contract with Sam & Libby, Inc., as well as Sam Edelman individually and Libby Edelman individually ("the Contract") in which Maxwell purchased all rights and goodwill in the trademarks SAM & LIBBY®, SAM & LIBBY KIDS®, and JUST LIBBY®. Edelman, through his company Sam & Libby, Inc., assigned to Maxwell "all right, title, benefit and interest in and to the Trademarks together with the goodwill symbolized by and associated with the Trademarks." Pursuant to the Contract Maxwell paid $5.5 million for the Trademarks.

9.    The Contract states in Paragraph 9.10:

Each of Buyer [Sam & Libby, Inc.] and Seller [Maxwell] agrees that after July 25, 1996, neither will in any way utilize or display either of the names "Sam Edelman" or "Libby Edelman," or any names similar to such names, in or on any product of Buyer or Seller.

10.    Maxwell owns multiple federal registrations protecting either the words

SAM & LIBBY® or a stylized form of the Mark.  The registrations include Reg. Nos.

1,646,905 for footwear, 1,786,205 (stylized) and 1,772,454 (word mark) for clothing,

1,778,203 for retail stores selling clothing and footwear, 1,898,111 for leather goods.

11.    Plaintiff's aforementioned federal trademark registrations have become

incontestable pursuant to 15 U.S.C. § 1065 as a result of the United States Patent and

Trademark Office's acceptance in each case of an affidavit of incontestability following

more than five consecutive years of use.

12.    Maxwell's use of the Mark has been continuous and substantial.  The

Mark has been a very popular and successful line for Maxwell, and Maxwell has invested

heavily in acquiring and promoting the Mark and developing goodwill associated with it.

In 2003, Maxwell spent in excess of $1,114,000 promoting the SAM & LIBBY® Mark.

In 2002, Maxwell spent over $914,000 promoting the Mark.  Maxwell advertises the

SAM & LIBBY® brand in magazines, including Lucky, Cosmopolitan, and In-Style, as

well as through flyers, mailers, and newspapers.  The SAM & LIBBY® brand is also

featured prominently on Maxwell's website

13.    Since 2000, Maxwell has sold over $100 million worth of footwear

featuring the Mark.  Maxwell currently sells $26.5 million worth of products featuring

the Mark annually.  Maxwell's products bearing the SAM & LIBBY® Mark are currently

sold in all 50 states as well as in Canada and Puerto Rico. Over 2,400 retail stores nationwide carry the SAM & LIBBY® brands.

14.     The SAM & LIBBY® Mark is famous, and products sold under the Mark have acquired significant goodwill, and a reputation for quality. These Marks are now associated with a single source, the Maxwell Shoe Company, Inc. The Mark is a strong, distinctive, and arbitrary Mark. Maxwell is aware of no other company in the footwear industry that uses the word SAM as all or part of any trademark or service mark relating to shoes.

**DEFENDANTS' UNAUTHORIZED USE OF THE MARK**

15.     In December 2003, Edelman filed trademark applications for the marks SAMMY E and SAM BY SAM EDELMAN for, *inter alia*, boots, shoes, slippers and sandals.

16.     Early in 2004, Edelman publicly unveiled a new line of footwear using the marks SAMMY E and SAM BY EDELMAN.

17.     Defendants have displayed the infringing products at many of the same footwear trade shows as Maxwell, for example the Miami Shoe Show held in February, 2004 and the Metropolitan New York Shoe Market show from March 14-16, 2004. Both companies produce footwear in a similar price range and target the same class of customers. Both companies sell their products through the same retail outlets. For example, Love My Shoes, a retailer with five stores and an Internet e-commerce presence, sells the "SAMMY E Closed Toe Slip On" as well as shoes in Maxwell's SAM AND LIBBY® line. The brands SAM AND LIBBY® and SAMMY E are featured together on the same page of that retailer's website, immediately adjacent to one another.

18.    The new marks used by Defendants, SAMMY E and SAM BY SAM EDELMAN are confusingly similar to Plaintiff's Mark and are used in connection with identical goods in identical channels of trade.

19.    Sam Edelman was the original creator of the Mark, and his name now appears on Defendants' new products.

20.    The acts of Defendants, as described above, were and are willful and made with prior knowledge of Maxwell's rights.

21.    Edelman was on actual notice of Maxwell's use of the Mark at least by virtue of Edelman's sale of the Mark to Maxwell.

## COUNT I

### (Trademark Infringement Under 15 U.S.C. § 1125(a) and Common Law)

22.    The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

23.    Maxwell is the rightful owner of the Mark SAM & LIBBY®.

24.    In addition to its rights in SAM & LIBBY® at common law, Plaintiff is the owner of U.S. Federal Registration Nos. 1,646,905, 1,786,205 1,772,454, 1,778,203, 1,898,111, each of which is incontestable pursuant to 15 U.S.C. § 1065.

25.    Without authorization from Plaintiff, and notwithstanding the fact that Edelman sold his rights in the Mark to Maxwell just eight years ago, Defendants are using the marks SAMMY E and SAM BY SAM EDELMAN in connection with goods that are very closely related to the type of goods sold by Plaintiff under the SAM & LIBBY® Mark.

26.     Defendants' past, present and ongoing actions constitute trademark infringement of Plaintiff's SAM & LIBBY® Mark by using one or more marks that are likely to cause confusion, mistake and/or deception as to source, sponsorship or affiliation, subjecting Defendants to liability under 15 U.S.C. § 1125 and the common law of Massachusetts.

27.     Defendants' infringing actions have damaged Plaintiff in an amount to be determined at trial.

28.     Defendants' infringing actions will continue unless enjoined by this Court.

29.     Plaintiff has no adequate remedy at law, and will suffer irreparable harm to its business, reputation and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

## COUNT II

### (False Designation Under 15 U.S.C. § 1125(a))

30.     The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

31.     The marks SAMMY E and SAM BY SAM EDELMAN used by ESC on its products constitutes a false designation of origin pursuant to 15 U.S.C. § 1125(a), suggesting to consumers that Defendants' business is associated with or sponsored by Plaintiff.

32.     Defendants' unauthorized use of the marks SAMMY E and SAM BY SAM EDELMAN has a substantial effect on interstate commerce.

33.     Defendants' false designations of origin have been made in connection with goods (e.g., footwear) from which it makes a profit.

34.     Defendants' false designations of origin are likely to cause confusion, mistake or deception as to the origin, sponsorship or approval (by Plaintiff) of the products sold by Defendants under the infringing mark(s), subjecting Defendants to liability under 15 U.S.C. § 1125(a).

35.     Plaintiff has been damaged by Defendants' false designations of origin in an amount to be determined at trial.

## COUNT III

### (Federal Dilution, 15 U.S.C. § 1125(c))

36.     The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

37.     The acts of the Defendants as alleged herein constitute dilution of Plaintiffs' famous Mark.

38.     Plaintiffs have been damaged by said conduct in an amount to be determined at trial, and are further entitled to injunctive relief therefor.

## COUNT IV

### (State Dilution, Mass. Gen. Laws. Ch. 110B)

39.     The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

40.     By their above-described conduct, Defendants have engaged in trademark dilution and caused an injury and likely injury to Plaintiffs' business reputation, all in violation of Massachusetts General Laws Chapter 110B, § 12.

41.     Plaintiffs have been damaged by said conduct in an amount to be determined at trial, and are further entitled to injunctive relief therefor.

## COUNT V

### (Unfair Trade Practices Under Mass. Gen. Laws. Ch. 93A)

42.     The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

43.     Defendants are, and at all relevant times were, engaged in commerce.

44.     The center of gravity of Defendants' acts has been primarily and substantially in the Commonwealth of Massachusetts.

45.     By its above-described conduct, Defendants engaged in unfair or deceptive trade practices in violation of Mass. Gen. Laws. Ch. 93A § 11.

46.     Defendants' unfair and deceptive trade practices impact the public interest by causing consumer confusion.

47.     Defendants' unfair and deceptive trade practices have been willful and knowing. Edelman was on actual notice of Plaintiff's rights in the SAM & LIBBY® before Defendants adopted and began using the marks SAMMY E and SAM BY SAM EDELMAN.

48.     Plaintiff has been damaged by said conduct of Defendants in an amount to be determined at trial.

## COUNT VI

### (Common Law Unfair Competition)

49.     The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

50.     By its above-described conduct, Defendants have engaged in unfair competition under the common law of Massachusetts.

51.     Plaintiff has been damaged by said conduct in an amount to be determined at trial.

52.     Defendants' infringing actions will continue unless enjoined by this Court.

53.     Plaintiff has no adequate remedy at law, and will suffer irreparable harm to its business, reputation and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

## COUNT VII

### (Breach of Contract)

54.     The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

55.     On July 2, 1996, Maxwell entered into a contract with Sam Edelman, Libby Edelman, Sam & Libby, Inc., and a third individual ("the Contract") in which Maxwell purchased all rights and goodwill in the trademarks SAM & LIBBY®, SAM & LIBBY KIDS®, and JUST LIBBY®. Edelman, through Sam & Libby, Inc., assigned to Maxwell "all right, title, benefit and interest in and to the Trademarks together with the goodwill symbolized by and associated with the Trademarks." Plaintiff paid $5.5 million for the marks.

56.     The Contract states in Paragraph 9.10:

> Each of Buyer and Seller agrees that after July 25, 1996, neither will in any way utilize or display either of the names "Sam Edelman" or "Libby Edelman," or any names similar to such names, in or on any product of Buyer or Seller.

57.     Defendants breached the Contract's implied covenant of good faith and fair dealing. An implied covenant of good faith and fair dealing exists in every contract. Edelman breached this covenant by taking steps designed to deprive Maxwell of the benefit of the bargain, including without limitation by attempting to re-appropriate the goodwill that he sold to Maxwell for significant consideration eight years ago.

58.     Plaintiff has been damaged by said conduct in an amount to be determined at trial.

59.     Defendants' actions will continue unless enjoined by this Court.

60.     Plaintiff has no adequate remedy at law, and will suffer irreparable harm to its business, reputation and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court:

A.     Preliminarily and permanently enjoin Defendants, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further infringement, false designation of origin, unfair competition and unfair trade practices, with respect to Plaintiff's SAM & LIBBY® Mark, pursuant to 15 U.S.C. § 1125 or otherwise.

B.     Direct Defendants to pay Plaintiff its actual damages, any additional profits realized by Defendants, and the costs of this action pursuant to 15 U.S.C. § 1117(a), Mass. Gen. Laws Ch. 93A § 11, or otherwise.

C.     Direct Defendants to pay Plaintiff its damages as a result of Defendants' breach of contract.

D.    Enter judgment that Defendants' trademark infringement, false designation of origin, unfair competition and unfair trade practices have been knowing and willful.

E.    Award Plaintiff its attorney fees and costs in prosecuting this action, pursuant to 15 U.S.C. § 1117, Mass. Gen. Laws Ch. 93A § 11, or otherwise.

F.    Award Plaintiff treble damages pursuant to 15 U.S.C. § 1117(b), Mass. Gen. Laws Ch. 93A § 11, or otherwise.

G.    Award Plaintiff such further relief as this Court may deem just and necessary.

## JURY DEMAND

Maxwell demands a trial by jury of all issues so triable.


MAXWELL SHOE COMPANY, INC.

By its attorneys,


Dated: April 5, 2004

Michael A. Albert, BBO # 558566
malbert@wolfgreenfield.com
Ilan N. Barzilay, BBO # 643978
ibarzilay@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646.8000 phone
(617) 720.2441 fax


771653.1                                    - 11 -