IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAXWELL SHOE COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EDELMAN SHOE COMPANY, LLC and<br>SAM EDELMAN,<br><br>Defendants. | Civil Action No. 04-10694 RCL |

### DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Notwithstanding that the Court denied a stipulated motion in which Maxwell Shoe sought to file a reply brief on the motion for preliminary injunction (see Order dated May 18, 2004), plaintiff has filed a Motion for Leave to File a Reply. Plaintiff claims that a reply brief is "necessary to correct certain statements made by Defendants..." As set forth briefly below, defendants have accurately explained the law and characterized the facts, and therefore, a reply brief is not necessary.

Plaintiff chose to omit from its motion papers any discussion of the contractual provision that bears directly on the issue presented, and only now attempts to address it in a reply by claiming that defendants have "mischaracterized" the Purchase Agreement. Maxwell Shoe argues that the Purchase Agreement permits Mr. Edelman to use his name as "a name" but not as a trademark. This is directly contrary to the plain language of the agreement. The contract states that Mr. Edelman agrees not to use his name "or any name similar to such" name appearing "**in or on any footwear product**" for three years. As a matter of ordinary English language as well

1

as logic and common sense, this clear and unambiguous wording can only have one meaning: Mr. Edelman can do after three years what he agreed not to do for three years - - use his name "Sam Edelman" "in or on any footwear product." There is no qualification or limitation in the agreement on how the name may be used in or on footwear products after expiration of the three-year period. Accordingly, the defendants have not mischaracterized the agreement. Maxwell Shoe made the deliberate decision to not bring this provision of the agreement to the Court's attention in its motion and now attempts to ascribe a meaning to it that contradicts the explicit agreement of the parties. Such a strategy does not justify the claimed "need" for a reply brief.

In addition, plaintiff misapprehends defendants' comments concerning, and the outcome of, *Taylor Wine*. In *Taylor Wine*, the Second Circuit narrowed the scope of a broad injunction issued by the district court (which entirely prohibited the use of the defendant's name on product labeling and advertising), thereby allowing the defendant to use his surname in good faith in connection with his products. *Taylor Wine Company, Inc. v. Bully Hill Vineyards, Inc.*, 564 F.2d 731, 736 (2d Cir. 1978). Defendants' characterization of this case at page 12 of their opposition brief is entirely accurate.

Also, Maxwell Shoe's discussion of its "attempts" to contact Mr. Edelman demonstrate conclusively that no *bona fide* attempt was ever made. One letter was sent and returned. More importantly, Maxwell Shoe does not dispute that it attended two trade shows earlier this year at which Mr. Edelman displayed his new lines of shoes, but did not complain of or comment about such use to Mr. Edelman during either of the shows. Hence, there was no misstatement of the facts, which negate Maxwell Shoe's claim of irreparable harm. (See defendants' Opposition Br. at p. 13).

Finally, Maxwell Shoe dedicates seven pages of its reply brief to a likelihood of confusion analysis which, according to its motion for leave, is not one of the "statements" made by defendants that is supposedly necessary to correct. Thus, a substantial segment of the proposed reply brief is merely a rehash of arguments presented with the motion.

In conclusion, Maxwell Shoe has failed to demonstrate entitlement to file a reply brief, and therefore, the Motion for Leave To File Reply in Support of Motion for Preliminary Injunction should be denied.

                                    Respectfully submitted,

                                    EDELMAN SHOE COMPANY, LLC and
                                    SAM EDELMAN

                                    By its counsel,

Dated:  June 9, 2004                /s/ Jeffrey L. Snow
                                    Jeffrey L. Snow (BBO# 566388)
                                    jsnow@kl.com
                                    Christopher Centurelli (BBO# 640974)
                                    ccenturelli@kl.com
                                    KIRKPATRICK & LOCKHART LLP
                                    75 State Street
                                    Boston, Massachusetts 02109
                                    617.261.3100  phone
                                    617.261.3175  fax

Of Counsel:

Mark I. Peroff
mperoff@kl.com
Darren W. Saunders
dsaunders@kl.com
KIRKPATRICK & LOCKHART LLP
599 Lexington Avenue
New York, New York  10022
212.536.3900  phone
212.536.3901  fax

                                    Certificate of Service
    I hereby certify that a true copy of the above document was served upon the attorney of record for Plaintiff by hand on June 9, 2004.     /s/ Jeffrey L. Snow