IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAXWELL SHOE COMPANY, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>EDELMAN SHOE COMPANY, LLC AND SAM EDELMAN<br><br>        Defendant. | CIVIL ACTION NO. 04-CV-10694-RCL |

**PLAINTIFF MAXWELL'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION ON <u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

Pursuant to Fed. R. Civ. P. 72(b), plaintiff Maxwell Shoe Company, Inc. ("Maxwell") hereby responds to the objections to the Magistrate Judge's Findings and Recommendations filed by defendants Edelman Shoe Co., LLC and Sam Edelman (together "Edelman").

In 1996 Edelman sold Maxwell the trademark SAM & LIBBY® ("the Mark") for $5.5 million. (Declaration of Roger Monks, ¶ 10). In the Purchase and Sale Agreement ("the Agreement") Sam Edelman and his wife Libby Edelman agree to not use their names in connection with the marketing and sale of shoes for three years from the date of the Agreement. The Agreement states:

> 9.10   <u>Use of Certain Names</u>.  Each of Buyer and Seller agrees that after July 25, 1996, neither will in any way utilize or display either of the names "Sam Edelman" or "Libby Edelman," or any names similar to such names, in or on any product of Buyer or Seller.  Each of Samuel L. Edelman and Louise B. Edelman agree not to use either of the names "Sam Edelman" or "Libby Edelman," or any names similar to such names, appearing in or on any footwear product or apparel product for three years from July 25, 1996.

(Monks Decl., Ex. B).

In its objections Edelman argues that this clause amounts to a consent by Maxwell for Edelman to use his name in commerce however he chooses, regardless of infringement of the SAM & LIBBY® Mark. Edelman's interpretation of the Agreement is obviously incorrect and cannot be found in the text of the Agreement.

The purpose of the three year prohibition on the use of Edelman's name was to allow Maxwell sufficient time to develop its own association with the SAM & LIBBY® Mark without any other activities of Sam and Libby Edelman (who had originally created the brand) interfering. After those three years Sam and Libby Edelman were again entitled to use their names on shoes, but not as *trademarks* (having sold the right to make trademark usage of the Sam and Libby names to Maxwell), but as an indicator of the designer.[1]

It is this distinction between use as a person's name and use as a trademark which is critical to understanding the Agreement. Edelman asks this Court to make a classic error of trademark law—to treat use as trademark as identical to use as a name. The law, however, is quite clear that the two uses must be treated differently. R.J. Toomey Co. v. Toomey, 683 F. Supp. 873, 879 (D. Mass. 1988) (explaining the difference between the uses and enjoining the junior user's use of his name as a trademark).[2] Maxwell paid Edelman $5.5 million for the trademark rights to "Sam & Libby" and the agreement by Edelman to not use his name (as a name) in the industry until 1999. After that time the Agreement gives Edelman the right to use his name (as a name) in the industry, but does

---

[1] Indeed, at one time Edelman did make proper use of his name under the Agreement when he sold shoes under the trademark NAKED FEET and noted that the line was "by Sam Edelman." This was an acceptable (though unsuccessful) use of his name as an indication of designer, not as a trademark. (Declaration of Sam Edelman, ¶ 11).

[2] For a complete discussion of this distinction and its applicability here see Plaintiff's Reply In Support of Motion for Preliminary Injunction at pp. 3-8.

not give him the right to use his name as a trademark. The right to use "Sam & Libby" as a trademark remains exclusively with Maxwell—sold to Maxwell by Edelman in exchange for $5.5 million.

Maxwell's reading of the Agreement is the only plausible one. Nowhere in the Agreement does Maxwell give Edelman a license back to the SAM & LIBBY® Mark (indeed such a license-back would be unthinkable considering the millions Maxwell paid for the exclusive rights to SAM & LIBBY®). But this is precisely what Edelman argues. By Edelman's logic, he and his wife could start using SAM & LIBBY as a mark since those are, after all, his and his wife's names. That is not, and cannot be, the meaning of the Agreement, and numerous courts facing similar issues have so held as discussed in Maxwell's Objections to the Magistrate's Recommendations.

Respectfully submitted,

MAXWELL SHOE COMPANY, INC.

By its attorneys,

Dated: September 7, 2004

/s/ Michael A. Albert
Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
Ilan N. Barzilay (BBO #643978)
ibarzilay@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
617.646.8000 phone
617.646.8646 fax